UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hotel Medellin LLC, | ) | C/A: 3:23-4970-TLW-TER |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Kathy Reaves "& Et. Al," | ) | |
|     Defendant(s). | ) | |
| _____ | ) | |

      Defendant's Motion to proceed *in forma pauperis* (ECF No. 3) is GRANTED.

      Defendant, proceeding *pro se,* has filed documents in an attempt to remove a "Rule to Vacate or Show Cause(Eviction) from Dutch Fork Magistrate court to this federal district court. The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, requires Defendant to file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446. It appears Defendant was renting a room and is alleged to have refused to vacate after the room rental term ended. (ECF No. 1-1).

      A district court may *sua sponte* remand a case to state court based on lack of subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint" rule. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) and *Holmes Group, Inc. v. Vornado Air Circulation Sys, Inc.*, 535 U.S. 826, 831 (2002). Federal question jurisdiction exists only when a federal question is present on the face of a properly pleaded complaint. The removing defendant has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). In the Notice of Removal, Defendant attempts to "add" plaintiffs from other states and to plead her own causes of action along with her own alleged damages. (ECF No. 1). Under jurisdiction, Defendant generally states Fourteenth Amendment and

that the amount in controversy exceeds $75,000. (ECF No. 1 at 5). This is the extent of Defendant's allegations as to subject matter jurisdiction.

Federal courts are courts of limited subject matter jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999), citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895). Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). District courts exercise two types of subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–374 (1978).

Upon the record currently before the court, there is no federal question jurisdiction arising from the allegations by the Plaintiff[1] in the state court action. There is no diversity jurisdiction arising from Plaintiff's filing as on the face of the state court filing, all named parties reside in South Carolina.

---

[1] To the extent Defendant seeks federal question jurisdiction by way of defenses or counterclaims asserting federal law, such counterclaims do not allow removal of the action. *See Caterpillar*, 482 U.S. at 392 and *Holmes*, 535 U.S. at 831. A plaintiff is master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. *Id.* Counterclaims cannot serve as a basis for federal question jurisdiction on removal. *See id*.

Removal to this court in the instant action is not authorized by 28 U.S.C. § 1441. Therefore, the Court lacks jurisdiction to retain this action.

Based on the foregoing, IT IS ORDERED that this case is remanded to state court for disposition. *See, e.g., Johnson v. Wyeth*, 313 F. Supp. 2d1272, 2004 WL 771050 (N.D. Ala. Apr. 6,2004); *Wyatt v. Walt Disney Co.*, No. 97-116,1999 WL 33117255 (W.D.N.C. July 26,1999); *Bristol-Meyers Squibb Co. V. Safety National Casualty Corp.*, 43 F.Supp. 2d 734,737 (E.D.Tex. 1999); *Vaquillas Ranch Company v. Texaco Exploration & Production. Inc.*, 844 F. Supp. 1156,AO 72A (Rev.8/82) 1160-1163 (S.D.Tex. 1994)(criticizing the rationale in *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148 (D.N.J. 1990), and distinguishing *Long v. Lockheed Missiles & Space Co.*, 783 F.Supp. 249 (D.S.C. 1992)); *Holt v. Tonawanda Coke Corporation*, 802 F. Supp. 866, 868 (W.D.N.Y. 1991); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); *City of Jackson v. Lakeland Lounge of Jackson. Inc.*, 147 F.R.D. 122, 124 (S.D. Miss. 1993)(a remand is "nondispositive and can be determined by a magistrate judge by final order."); *Unauthorized Practice of Law Committee v. Gordon*, 979 F.2d 11, 12-13 (1st Cir. 1992). *But see Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2002); *First Union Mortgage Corp. v. Smith*, 229 F.3d 991 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998).

To avoid the problems that arose in *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, supra, 147 F.R.D. at 123-124, IT IS FURTHER ORDERED that the Clerk of Court shall not immediately certify this Order to the Dutch Fork Magistrate Court. If both parties in the above-captioned case fail to file an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation) within fourteen (14) days after this Order is filed, the Clerk of Court shall then certify this Order to the Dutch Fork Magistrate Court. **If, however,**

**either party files an appeal of this Order or written objections to this Order (if this Order is treated as a Report and Recommendation), the Clerk of Court, at the end of the fourteen-day period, shall forward the case file and any appeal or objections to a United States District Judge for a final disposition.** *Vaquillas Ranch Company v. Texaco Exploration & Production, Inc.*, supra, 844 F. Supp. at 1163; *McDonough v. Blue Cross of Northeastern Pennsylvania*, supra, 131 F.R.D. at 467 [order]; Long, 783 F. Supp. 249. [Report and Recommendation].

    IT IS SO ORDERED.

                                                             s/ Thomas E. Rogers, III
                                                              Thomas E. Rogers, III
October 10, 2023                                      United States Magistrate Judge
Florence, South Carolina