UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hotel Medellin, LLC,<br><br>PLAINTIFF<br><br>v.<br><br>Kathy Reaves "& Et. Al,",<br><br>DEFENDANTS | Case No. 3:23-cv-4970-TLW<br><br><br>**ORDER** |

Plaintiff Hotel Medellin, LLC filed a "Rule to Vacate or Show Cause (Eviction)" against Defendant Kathy Reaves in the Dutch Fork Magistrate Court in Richland County, South Carolina. ECF No. 1–1. Plaintiff seeks to evict Defendant from an Airbnb short term rental. *Id.* Defendant, proceeding *pro se*, filed a notice of removal pursuant to 28 U.S.C. § 1446, removing this action from the Dutch Fork Magistrate Court to federal district court. ECF No. 1. Defendant's removal and Plaintiff's complaint were referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for initial review. On October 10, 2023, the Magistrate Judge issued an order (hereinafter, the "Report")[1] recommending the Court remand this matter back to the Dutch Fork Magistrate Court for lack of subject matter jurisdiction. ECF No. 5. Plaintiff has filed objections to the order along with a motion to join parties. ECF Nos. 10 & 11.

The Magistrate Judge's recommendation is based on his conclusion that this Court lack subject matter jurisdiction over Plaintiff's state court eviction case against

---

[1] The Magistrate Judge's notes that the Court can treat the order as one subject to appeal from the Magistrate Judge to the District Judge, *see* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A), or as a report and recommendation. ECF No. 5 at 3. The Court elects to review the Magistrate Judge's order as a report and recommendation.

Defendant. ECF No. 5. Hence, it is not subject to removal and must be remanded. As noted in the Report, the basis for removal, *i.e.*, the Court's subject matter jurisdiction, must be apparent from the allegations in Plaintiff's complaint. 28 U.S.C. § 1446. In her notice of removal, Defendant states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441, which sets forth the basis for federal question jurisdiction. ECF No. 1 at 1. However, as noted in the Magistrate Judge's Report, "there is no federal question jurisdiction arising from the allegations by the Plaintiff in the state court action." ECF No. 5 at 2. Similarly, the Report concludes that there is also not diversity jurisdiction because both Plaintiff and Defendant are residents of South Carolina. *Id.* at 2–3. Accordingly, the Magistrate Judge recommends that the Court remand this matter back to the Dutch Fork Magistrate's Court. *Id.* at 4.

Defendant filed objections to the Report. ECF No. 11. Her objections (1) assert that this case should not be in the Florence Division of Federal District Court;[2] (2) make arguments in connection to another one of her pending federal cases, which are unrelated to this eviction proceeding; (3) state that the Dutch Fork Magistrate Court is not the proper jurisdiction because it lacks jurisdiction over Airbnb, and (4) assert that federal court is appropriate because she wants to bring claims pursuant to 42 U.S.C. § 1983 arising out of the Cayce Police Department's apparent assistance in her eviction. ECF No. 11. Moreover, Defendant has filed "a motion to join parties" wherein she seeks to add Michael Shoemaker,[3] Airbnb, the City of Cayce, Officer White, Officer Walker,

---

[2] This objection is without basis. This case is in the Columbia Division as evidenced by the fact that "3" is the first number in this matter's civil action number.
[3] Michael Shoemaker is the sole owner of the Plaintiff LLC. ECF No. 15.

and several John Does as third-party defendants.[4] ECF No. 10. Defendant states that her claims against the third-party defendants are brought pursuant to 28 U.S.C. §§ 1331, 1441 & 1446, the Fourteenth Amendment to the United States Constitution, the "Constitutional Torts" section of "Article I of the Declaration of Rights under the South Carolina Constitution and Due Process under the South Carolina State Constitution." *Id.* at 9. Plaintiff has filed a letter opposing Plaintiff's removal. ECF No. 15.

In reviewing Defendant's objections to the order, the Court is charged with reviewing *de novo* any portion of the Magistrate Judge's Report to which a *specific objection* is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Moreover, to constitute a "specific objection" warranting *de novo* review, an objection must be made with "sufficient specificity so as reasonably to alert

---

[4] Defendant states that these individuals are "plaintiffs." The Court finds that they would be third-party defendants under Rule 14.

the district court to the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

The Court concludes that Defendant's objections provide no basis for rejecting the Magistrate Judge's Report. As the Magistrate Judge correctly concluded, this Court is without jurisdiction to adjudicate this state eviction proceeding. First, there is no federal question jurisdiction because Plaintiff's action does not arise under a federal statute or constitutional provision. Although Defendant did not file Plaintiff's eviction application with her notice of removal as required by § 1446, she did provide the Dutch Fork Magistrate Court's "Rule to Vacate or Show Cause (Eviction)." ECF No. 1–1. That document states that Plaintiff's eviction proceeding is based on S.C. Code Ann. § 27–37–10, which governs grounds for ejection of a tenant under South Carolina law. *Id.* Given that Plaintiff's cause of action arises under a state statute, there is clearly no federal question implicated in this matter.

Second, the Magistrate Judge's Report correctly concludes that the Court cannot exercise diversity jurisdiction over this matter. This is because Plaintiff and Defendant are residents of South Carolina. Specifically, the "Rule to Vacate or Show Cause (Eviction)" states that both Plaintiff and Defendant are residents of Columbia, South Carolina. *Id.* Thus, this Court cannot exercise jurisdiction because the parties are not completely diverse.

Finally, the Court must also deny Defendant's motion to join parties. First, even if the Court granted the motion, the Court would still lack diversity jurisdiction because complete diversity would not exist among the parties because Defendant seeks to join several South Carolina individuals and entities to this action as third-party defendants.

Moreover, the Court must deny Defendant's motion to the extent it seeks to establish a basis for federal question jurisdiction. As noted, subject matter jurisdiction is governed by the allegations in Plaintiff's complaint at the time of removal. *Dennison v. Carolina Payday Loans, Inc.,* 549 F.3d 941, 943 (4th Cir. 2008) (noting that "federal jurisdiction . . . is fixed at the time the . . . notice of removal is filed."). Here, Defendant cannot establish a basis for federal question jurisdiction following removal by asserting purported constitutional claims against several third-party defendants.

Accordingly, in light of the standard in *Wallace*, the Court has carefully reviewed both the Magistrate Judge's Report and Defendant's objections. For the reasons stated by the Magistrate Judge, the Report, ECF No. 5, is accepted, Plaintiff's objections, ECF No. 11, are overruled, and Plaintiff's motion to join parties, ECF No. 10, is denied. The Court instructs the Clerk of Court to remand this case to the Dutch Fork Magistrate Court in Richland County, South Carolina.

**IT IS SO ORDERED.**

                                                       *s/Terry L. Wooten*          .
                                                      Senior United States District Judge

November 13, 2023
Columbia, South Carolina