IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Hotel Medellin, LLC, | ) | Case No.: 3:23-cv-04970-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Kathy Reaves "& Et. Al,", | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Jasmine Patrice's[1] ("Patrice") Rule 60(b) Motion to Vacate Order dated August 19, 2024, (DE 24) and a 28 U.S.C. Section 144 motion.[2] (DE 29.) For the reasons stated, the motions are denied.

---

[1] The motion to vacate purports to be made by Jasmine Patrice, Jeremiah Reaves Sr., Siobhan Reaves, and Seth Reaves ("Defendants"), but the motion is only signed by Patrice (DE 24 at 1), who does not appear to have made an appearance here, pro se or otherwise. The Court notes that the other documents and motions in the record appear to be signed by Kathy Reaves, the only named defendant. (*See*, e.g., DE 1, 3, 11, and 18.)

The motion also incorrectly designates the purported movants of this motion as plaintiffs. (DE 24 at 1.) Since Patrice is pro se, she cannot represent the other purported Defendants.

[2] 28 U.S.C. section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

Putting aside whether Patrice is a party or the absence of an affidavit, Patrice moves to "remove [Terry L.] Wooten[,] [Senior United States District Judge]and [Thomas E.]Rogers[,] [III] who should have recused themselves for a conflict of interest . . . ." (DE 24 at 10.) This matter is denied as moot because Judge Wooten and Judge Rogers are no longer assigned to this case (DE 23).

1

# I. BACKGROUND

## A. Factual Background

Plaintiff Hotel Medellin, LLC ("Hotel Medellin" or "Medellin"), filed a "Rule to Vacate or Show Cause (Eviction)" against "Kathy Reaves & Etal" in the Dutch Fork Magistrate Court in Richland County, South Carolina. (DE 1–1.) Plaintiff sought to evict Defendants from an Airbnb short-term rental. (*Id.*) Kathy Reaves, proceeding pro se, filed a notice of removal under 28 U.S.C. § 1446, removing this action from the Dutch Fork Magistrate Court to federal court. (DE 1.) Kathy Reaves's removal and Plaintiff's complaint were referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for initial review. On October 10, 2023, the Magistrate Judge issued an order ("Report") recommending the Court remand this matter to the Dutch Fork Magistrate Court for lack of subject matter jurisdiction. (DE 5.)

The Report found, among other things, that "there is no federal question jurisdiction because Plaintiff's action does not arise under a federal statute or constitutional provision." (DE 16 at 4.) The Report also found that "the Court cannot exercise diversity jurisdiction over this matter. This is because Plaintiff and Defendant[s] are residents of South Carolina." (*Id.*)

After overruling Kathy Reaves's objections, the Court accepted the Report, adopted the recommendation, and remanded the case to the Dutch Fork Magistrate Court in Richland County, South Carolina. (DE 16 at 5.)

## B. Post Judgment Proceedings

On December 20, 2023, Kathy Reaves noticed her appeal to the Fourth Circuit challenging the remand order. (DE 18.) The Fourth Circuit dismissed Kathy Reaves's

appeal "for failure to prosecute pursuant to Local Rule 45." *Hotel Medellin, LLC v. Reaves*, No. 23-2313, 2024 WL 3177128, at *1 (4th Cir. Apr. 16, 2024).

Patrice now seeks to vacate the remand order under Rule 60. (DE 24.) Patrice claims, among other things, that

> Hotel Medlin, LLC violated the local ordinance banning renting rooms in the jurisdiction of the City of Columbia, Hotel Medlin, LLC did not have jurisdiction to act, filed the eviction action in the wrong court, magistrate judicially dismissed the case because airbnbs are not covered under Code 230, real property, rent lease and ejectment and Hotel Medlin LLC did not have jurisdiction to act.

(DE 24 at 13.)

## LEGAL STANDARD

Rule 60(b), Fed. R. Civ. P., allows a party to obtain relief from a final judgment based on the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. "The powers reflected in Rule 60(b) are subject to limitations imposed by the rule itself and by precedent." *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003). "The rule establishes time limits for motions alleging certain grounds for relief. Judicial decisions, meanwhile, have described the

3

limits of relief available under particular components of the rule." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 86364 (1988) (discussing the proper use of Rule 60(b)(6)'s "catch-all" provision)).

> Also, the rule provides a remedy that 'is extraordinary and is only to be invoked upon a showing of exceptional circumstances.' A motion under Rule 60(b) must be timely brought, and the movant assumes 'the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule.'

*McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991) (internal citations omitted.)

## II. DISCUSSION

Turning to Patrice's motion to vacate, the motion raises arguments that are collateral to the underlying eviction, which prompted the removal to federal court. Patrice claims, among other things, that

> Hotel Medlin, LLC violated the local ordinance banning renting rooms in the jurisdiction of the City of Columbia, Hotel Medlin, LLC did not have jurisdiction to act, filed the eviction action in the wrong court, magistrate judicially dismissed the case because airbnbs are not covered under Code 230, real property, rent lease and ejectment and Hotel Medlin LLC did not have jurisdiction to act.

(DE 24 at 13.) Even if these claims qualified as federal questions, jurisdiction cannot be established by counterclaims or third-party claims in a removal action. "[T]he right of removal applies only to the action as framed by the pleading that commences the action. Counterclaims, cross-claims, and third-party claims cannot be the basis for removal [under § 1441(a)]." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008). Nor has Patrice addressed the Rule 60 grounds for relief in her motion. Since Patrice has not met her burden of showing a meritorious defense

4

against the claims on which judgment was entered, her motion must be denied. *See McLawhorn*, 924 F.2d at 538; *see also United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them."); *Reaves v. City of Mullins*, No. 4:07-1487-TLW-TER, 2010 WL 2871117, at *2 (D.S.C. July 22, 2010), aff'd, 420 F. App'x 297 (4th Cir. 2011) ("Plaintiffs have failed to provide the Court with any new facts, evidence, or legal arguments which would justify granting a motion for relief from judgment.").

### III.   CONCLUSION

For these reasons, the Court denies Defendant Patrice's Rule 60 Motion to Vacate Order dated August 19, 2024 (DE 24), and denies as moot her motion under 28 U.S.C. Section 144 to remove Judge Wooten and Judge Rogers from the case.

**IT IS SO ORDERED.**

January 24, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

5